IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01890-BNB

ROBERT J. LANDRUM,

Applicant,

v.

SUSAN JONES, Warden of Centennial Correctional Facility, and
JOHN SUTHERS, Attorney General of the State of Colorado,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 25 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Robert J. Landrum, is a prisoner in the custody of the Colorado Department of Corrections at the Centennial Correctional Facility in Cañon City, Colorado. Mr. Landrum has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in Jefferson County District Court case number 07CR1807. Mr. Landrum also has filed "Applicant's Motion to Submitt [sic] Evidence in Support of Applicant's Claims in Action Above." The motion to submit evidence will be granted.

The court must construe the application liberally because Mr. Landrum is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Landrum will be ordered to file an amended application if he wishes to pursue his claims in this action.

The court has reviewed the application and finds that it is deficient. First, the Applicant's request for damages is not appropriate in this habeas corpus action. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

More importantly, the application is deficient because Mr. Landrum fails to provide a clear statement of the claims he is raising in this action. Although Mr. Landrum alleges that his constitutional rights were violated in connection with each of his nine asserted claims, he does not specify which of his constitutional rights allegedly was violated. Instead, Mr. Landrum alleges generally in each and every claim that his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments were violated. This shotgun approach prevents the Court and Respondents from knowing what specific constitutional claims are being asserted and from being able to address and respond to those claims. Mr. Landrum also fails to provide a clear statement of the factual basis for each of the claims he is asserting in this action.

For these reasons, Mr. Landrum will be ordered to file an amended application in which he clarifies the specific federal constitutional claims he is asserting and in which he provides specific factual allegations in support of each asserted claim. Mr. Landrum is advised that § 2254 provides a remedy only for violations of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Landrum must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." Furthermore, these habeas corpus rules are more

demanding than the rules applicable to ordinary civil actions, which require only notice pleading. See *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. See *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. Landrum file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Landrum, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. Landrum fails within the time allowed to file an amended application as directed, the action will be dismissed without further notice. It is

FURTHER ORDERED that "Applicant's Motion to Submitt [sic] Evidence in Support of Applicant's Claims in Action Above" filed on August 19, 2010, is GRANTED.

DATED August 25, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01890-BNB

Robert J. Landrum
Prisoner No. 124611
Centennial Corr. Facility
P.O. Box 600
Cañon City, CO 81215-0600

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 8/25/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk