FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

APR 0 1 2011

GREGORY C. LANGHAM
_____ CLERK

Civil Action No. 10-cv-01890-BNB

ROBERT J. LANDRUM,

     Applicant,

v.

SUSAN JONES, Warden of Centennial Correctional Facility, and
JOHN SUTHERS, Attorney General of the State of Colorado,

     Respondents.

---

### ORDER OF DISMISSAL

---

     Applicant, Robert J. Landrum, is a prisoner in the custody of the Colorado

Department of Corrections at the Centennial Correctional Facility in Cañon City,

Colorado.  Mr. Landrum initiated this action by filing *pro se* an application for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  On October 15, 2010, Mr. Landrum filed

an amended application for a writ of habeas corpus.  Mr. Landrum is challenging the

validity of his conviction in Jefferson County District Court case number 07CR1807.

     On October 19, 2010, Magistrate Judge Boyd N. Boland ordered Respondents to

file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness

under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28

U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in

this action.  On November 9, 2010, Respondents filed a Pre-Answer Response.  On

March 23, 2011, Mr. Landrum filed a reply to the Pre-Answer Response.

     The Court must construe the amended application and other papers filed by Mr.

Landrum liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action.

Mr. Landrum was charged with various offenses stemming from the theft of a vehicle from an automobile dealership.  On December 7, 2007, he entered a guilty plea to one count of second degree burglary in exchange for dismissal of the other charges and a sentencing cap of eight years.  Prior to sentencing, Mr. Landrum filed motions to withdraw his guilty plea and to replace his attorney with alternate defense counsel.  On February 22, 2008, the trial court denied the motions to withdraw the guilty plea and appoint substitute counsel and sentenced Mr. Landrum to six years in prison.

Mr. Landrum next filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure raising a number of claims.  After the trial court denied the Rule 35(c) motion in a written order, Mr. Landrum filed a notice of appeal from the orders denying his motion to withdraw the guilty plea, the motion to replace counsel, and the Rule 35(c) motion.  The Colorado Court of Appeals affirmed all three orders.  *See People v. Landrum*, No. 08CA2217 (Colo. App. Jan. 28, 2010) (Doc. #19-1 at 16-26).  On June 7, 2010, the Colorado Supreme Court denied Mr. Landrum's petition for writ of certiorari.  (*See* Doc. #19-1 at 2-3.)

Mr. Landrum filed the original application for a writ of habeas corpus in this Court on August 19, 2010.  In the amended application filed on October 15, 2010, Mr. Landrum asserts the following eight claims for relief:

2

1.    His constitutional rights were violated when the police filed a false affidavit in support of a warrantless arrest.

2.    His constitutional rights were violated when he was arrested illegally in Denver County in a private residence without a warrant.

3.    His constitutional rights were violated because the police filed a false evidence inventory report regarding the contents of the stolen vehicle that is dated three days before the vehicle was recovered.

4.    His constitutional rights were violated when he was held without bond or charges being filed for six days after his arrest.

5.    Counsel who represented him from June 27, 2007, until September 28, 2007, was ineffective by failing to investigate witnesses and evidence to support an alibi defense.

6.    Counsel who represented him at the time of his guilty plea and sentencing was ineffective by withholding evidence and failing to explain the plea agreement.

7.    His constitutional rights were violated when the trial court denied his motion to withdraw the guilty plea.

8.    His constitutional rights were violated because he was never given an advisement hearing or a hearing to set bond.

Respondents concede that this action is timely but argue that Mr. Landrum's claims must be dismissed for other reasons.  First, Respondents note correctly that a number of Mr. Landrum's claims, claims one through five and eight, relate to events that occurred prior to entry of his guilty plea and may not be raised in this habeas corpus action.

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that

> the advice he received from counsel [constituted ineffective
> assistance]. . . . [W]hile claims of prior constitutional
> deprivation may play a part in evaluating the advice
> rendered by counsel, they are not themselves independent
> grounds for federal collateral relief.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

The Court finds that claims one through five and eight are independent claims relating to the alleged deprivation of constitutional rights that occurred prior to the entry of Mr. Landrum's guilty plea. Although claim five raises an issue of ineffective assistance of counsel, the fifth claim alleges ineffectiveness for a limited period of time--from June 27 until September 28, 2007--that predates by more than two months the entry of Mr. Landrum's guilty plea on December 7, 2007. Furthermore, Mr. Landrum's fifth claim relates to the alleged ineffectiveness of an attorney who no longer represented Mr. Landrum at the time he entered his guilty plea. Therefore, claims one through five and eight will be dismissed because those claims fail to raise a cognizable issue in this federal habeas corpus action. *See id*. Because Mr. Landrum's sixth and seventh claims relate to the validity of his guilty plea and the effectiveness of plea counsel, those claims are not barred by *Tollett*.

Mr. Landrum attempts to avoid this result by arguing that his guilty plea did not waive his right to raise jurisdictional defects or challenge the sufficiency of the charging document. However, claims one through five and eight in the amended application do not raise any jurisdictional issues or challenge the sufficiency of the charging document. Therefore, Mr. Landrum may not pursue those claims in a habeas corpus action in this Court. *See id*.

Respondents argue that Mr. Landrum's sixth and seventh claims for relief are

unexhausted and procedurally barred.  Pursuant to 28 U.S.C. § 2254(b)(1), an

application for a writ of habeas corpus may not be granted unless it appears that the

applicant has exhausted state remedies or that no adequate state remedies are

available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526

U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir.

1994).  The exhaustion requirement is satisfied once the federal claim has been

presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).

Fair presentation requires that the federal issue be presented properly "to the highest

state court, either by direct review of the conviction or in a postconviction attack."

*Dever*, 36 F.3d at 1534.

The "substance of a federal habeas corpus claim" must have been presented to

the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*,

404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir.

1989).  Although fair presentation does not require a habeas corpus petitioner to cite

"book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation

marks omitted), "[i]t is not enough that all the facts necessary to support the federal

claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per

curiam).  A claim must be presented as a federal constitutional claim in the state court

proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66

(1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly."

*Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing

a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). A state prisoner does not satisfy this burden with a blanket statement that state remedies have been exhausted absent any specifics as to how state remedies have been exhausted. *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating that a bald assertion unsupported by court records is insufficient to demonstrate that state remedies are exhausted).

Respondents specifically argue that Mr. Landrum's sixth and seventh claims are not exhausted because, although Mr. Landrum raised similar claims in his state court appeal, he did not raise those claims as federal constitutional claims. Mr. Landrum argues in his reply to the Pre-Answer Response that he raised his claims as federal constitutional claims in his postconviction Rule 35(c) motion. Of course, the fact that Mr. Landrum may have raised his claims as federal constitutional claims in the trial court in the Rule 35(c) motion does not demonstrate that the claims are exhausted because they also must be raised as federal constitutional claims on appeal. Although Mr. Landrum does not explain specifically how he has exhausted his claims on appeal, the Court will examine Mr. Landrum's opening brief on appeal to the Colorado Court of Appeals to determine whether claims six and seven are exhausted.

A copy of Mr. Landrum's opening brief on appeal is attached to Respondents' Pre-Answer Response. (*See* Doc. #19-1 at 59-77.) Based on the Court's review of Mr. Landrum's opening brief on appeal, the Court agrees that Mr. Landrum did not raise either claim six or claim seven as a federal constitutional claim in his state court appeal.

6

Mr. Landrum's sixth claim in this action, in which he alleges that plea counsel was

ineffective, was presented on appeal in state court as a claim that there was a conflict of

interest between himself and plea counsel that warranted the appointment of substitute

counsel. (*See id.* at 70-72.) Mr. Landrum did not identify this claim in state court as an

ineffective assistance of counsel claim and he did not rely on federal law in support of

the claim.

Similarly, Mr. Landrum's seventh claim in this Court challenging the denial of his

motion to withdraw the guilty plea also was presented only as a state law claim in the

state court appeal. (*See* Doc. #19-1 at 67-69.) Mr. Landrum did not argue in his state

court appeal that his federal constitutional rights were violated as a result of the denial

of his motion to withdraw his guilty plea. Instead, he argued only that the trial court

abused its discretion in denying his motion to withdraw the guilty plea because he had

established a fair and just reason for withdrawing the guilty plea under Rule 32(d) of the

Colorado Rules of Criminal Procedure.

"If state courts are to be given the opportunity to correct alleged violations of

prisoners' federal rights, they must surely be alerted to the fact that the prisoners are

asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-66.

Furthermore,

> [a] litigant wishing to raise a federal issue can easily
> indicate the federal law basis for his claim in a state-court
> petition or brief, for example, by citing in conjunction with the
> claim the federal source of law on which he relies or a case
> deciding such a claim on federal grounds, or by simply
> labeling the claim "federal."

*Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Mr. Landrum did not label or otherwise

identify his sixth and seventh claims in this action as federal claims in his state court appeal. As a result, the Court finds that claims six and seven are not exhausted.

Although Mr. Landrum failed to exhaust state remedies for his sixth and seventh claims, the Court may not dismiss those claims for failure to exhaust state remedies if Mr. Landrum no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. The Court finds that Mr. Landrum no longer has an adequate and effective state remedy available to him because the Colorado Rules of Criminal Procedure bar him from raising his sixth and seventh claims as federal constitutional claims in a successive postconviction motion. *See* Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that postconviction review is not available to address under a recently contrived constitutional theory issues that were raised previously). Therefore, the Court finds that Mr. Landrum's sixth and seventh claims are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Landrum's *pro se* status does not exempt him from the requirement of

demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Landrum must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).

Mr. Landrum fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider his claims will result in a fundamental miscarriage of justice. As a result, Mr. Landrum's sixth and seventh claims are procedurally barred and must be dismissed for that reason.

To summarize, claims one through five and eight in the amended application will be dismissed for failure to raise a federal constitutional claim. Claims six and seven in the amended application will be dismissed as procedurally barred. Accordingly, it is

ORDERED that claims one through five and eight in the amended application are dismissed for failure to raise a cognizable federal constitutional issue. It is

FURTHER ORDERED that claims six and seven in the amended application are dismissed as procedurally barred. It is

FURTHER ORDERED that the application and the amended application are denied and the action is dismissed. It is

FURTHER ORDERED that no certificate of appealability will issue because

9

Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __1st__ day of ___April_____, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No.  10-cv-01890-BNB

Robert J. Landrum
Prisoner No.  124611
Centennial Corr. Facility
P.O. Box 600
Cañon City, CO 81215-0600

I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on April 1, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk